NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ELIEZER GARCIA,                          )
                                         )
       Appellant,                        )
                                         )
v.                                       )          Case No. 2D15-54
                                         )
STATE OF FLORIDA,                        )
                                         )
       Appellee.                         )
_____)
                                         )
ARTEZ HOOKER,                            )
                                         )
       Appellant,                        )
                                         )
v.                                       )          Case No. 2D15-403
                                         )
STATE OF FLORIDA,                        )
                                         )
       Appellee.                         )
_____)
                                         )
CHRISTOPHER NEFF,                        )
                                         )
       Appellant,                        )
                                         )
v.                                       )          Case No. 2D15-409
                                         )
STATE OF FLORIDA,                        )
                                         )
       Appellee.                         )
_____)

Opinion filed May 1, 2015.

Appeals from the Circuit Court for
Pinellas County; Joseph A. Bulone,
Thane B. Covert, and Philip J.
Federico, Judges.

Kelly McCabe of Doyle & McCabe,
LLC, Pinellas Park, for Appellants
Eliezer Garcia and Christopher Neff.

Kelly McCabe of Doyle & McCabe,
LLC, Pinellas Park (withdrew); Robert H.
Dillinger, Public Defender, Clearwater,
for Appellant Artez Hooker.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

### ORDER IMPOSING SANCTIONS ON APPELLANTS' COUNSEL

ALTENBERND, Judge.

We write this published order to resolve numerous orders to show cause issued to Kelly McCabe, the attorney who attempted to commence criminal appeals on behalf of the three named appellants in the above-styled proceedings. It is apparent that Ms. McCabe is unfamiliar with some of the basic terminology and concepts associated with the commencement of an appeal. She seems unable to comply with the requirements of Florida Rule of Appellate Procedure 9.140(d), which addresses the process by which a trial counsel commences an appeal and thereafter successfully withdraws after appellate counsel has been appointed. She seems, at best, indifferent to the requirement that the notice of appeal be accompanied by a filing fee or, if applicable, an order or certificate of indigency. She does not seem to grasp that an order to appear to show cause why sanctions should not be imposed is an exceptional

order. Instead, she apparently believes it is appropriate to file a last minute "response" explaining that she cannot attend the event because it conflicts with a trial and suggesting that this court reschedule a hearing on sanctions sometime in the next two months on a day when she is not in trial.

Although we are called upon to determine an appropriate sanction in this case, this court is far more concerned with assuring that the appellants, all of whom are in prison, receive timely appellate review handled by competent counsel. Thus, this order will attempt to place those appeals on track to be resolved.

We hope that Ms. McCabe's failure to comply with our orders reflects more on her lack of training and her limited competence as an appellate attorney and less on any intent to willfully disobey this court. Accordingly, in lieu of a more penal sanction and in hopes of preventing repetition of these events, this court orders Ms. McCabe to self-report to the Sixth Judicial Circuit's Professionalism Implementation Panel requesting that it appoint an "intermediary" to assist in providing her with access to an attorney who can privately train and mentor her in the process of filing notices of appeal and obtaining orders of withdrawal in criminal cases. See Re: Professionalism Comm. and Standards of Prof'l Courtesy, Admin. Order No. 2013-075 PA/PI-CIR (Fla. 6th Cir. Ct. Nov. 12, 2013). Within ninety days from the date of this order, Ms. McCabe shall provide proof to this court that she has received this mentoring and is fully prepared to properly file notices of appeal in compliance with the applicable rules.

The attempt to file a belated appeal for Mr. Neff raises additional concerns that may be far more serious. This court is not well-equipped to handle those concerns.

We describe our records in his cases and leave any further investigation into that matter to the trial court and The Florida Bar.[1]

## Garcia v. State

In Garcia, case number 2D15-54, Attorney McCabe filed a notice of appeal on December 29, 2014, appealing "the ruling of the Motion to Suppress, said hearing being rendered on June 6, 2014." On January 9, 2015, this court entered three orders to show cause in Mr. Garcia's case. In the first order, we stated:

> Appellant shall show cause within fifteen days why this appeal should not be dismissed for lack of jurisdiction. The notice of appeal recites that appellant intends to appeal the denial of a motion to suppress, which is not an appealable order. If this appeal is in fact one from a judgment and sentence, appellant shall file an amended notice of appeal, copy to this court, and this filing will discharge appellant's obligation under this order.

In the second order, we stated:

> Appellant shall show cause within fifteen days why this appeal should not be dismissed as untimely. If untimely, and through no fault of appellant, counsel may file a motion in this case number for a belated appeal, observing all the requirements of Florida Rule of Appellate Procedure 9.141(c), including the submission of an affidavit or sworn pleading by counsel with first-hand knowledge of the facts giving rise to the application for a belated appeal.

In the third order, we stated:

> This appeal has been filed without a filing fee required by section 35.22(3), Florida Statutes (2012).
> The attorney for appellant shall forward the required $300.00 filing fee or, if applicable, an order of the circuit court, or a certificate of indigency from the circuit court clerk,

---

[1]A copy of the opinion is being furnished to The Florida Bar for such action as it may deem appropriate.

> finding appellant insolvent to this court within twenty days from the date of this order.
>
> If this court does not receive any of the above within the prescribed time, this appeal may be subject to dismissal without further notice and appellant's counsel may risk sanctions if this directive is ignored.

Ms. McCabe did not respond to any of these orders. Accordingly, on February 4, 2015, this court ordered Attorney McCabe to respond to the show cause orders of January 9, 2015, within ten days or to face possible sanctions.

Having received no response from Ms. McCabe by mid-March in this case and in the other two cases described later in this opinion, we issued an order to appear before the court at the beginning of oral arguments on Tuesday, April 7, 2015, to show cause why sanctions should not be imposed for her failure to comply with the orders. This order was delivered by certified mail and received by Ms. McCabe on March 26, two weeks before the scheduled hearing.

On April 1, Ms. McCabe filed an amended notice of appeal. It states the defendant is appealing "the Denial of the the [sic] dispositive Motion to Suppress, said hearing being rendered on June 6, 2014. The issue was preserved for appeal and the final judgment and sentence was entered on December 23, 2014." Thus, presumably, case number 2D15-54 is a timely appeal of judgments and sentences that were rendered in late December.[2] She also filed a brief response, apologizing but demonstrating some confusion about the necessary contents of a notice of appeal.

On Thursday, April 2, before the three-day holiday weekend, Ms. McCabe filed a second "response." It informs the court that she "has a felony jury trial scheduled

---

[2]The Department of Corrections' website reflects that Mr. Garcia is serving five sentences, all of which are approximately ten years in length and were entered on December 23, 2014.

to begin on April 7, 2015[,] in Pinellas County and therefore, will be unable to attend." Attaching documents to prove that the trial was scheduled, she explains: "If the Court wishes to reschedule the Court date I have attached my trial calendar for the next two months as Exhibit B." Following a suggestion from the clerk of this court, late on the Monday before the hearing Ms. McCabe filed an emergency motion to continue the court appearance.

We do not know what steps Ms. McCabe took or could have taken in the trial court to obtain a few-hour delay in the trial so that she could appear in this court, but we assume that the trial was already scheduled and on Ms. McCabe's calendar when she received the order to show cause on March 26.

On April 9, 2015, she paid the $300 filing fee in this court. Ms. McCabe's amended notice of appeal filed April 6, 2015, prompts us to discharge the two orders to show cause entered on January 9, 2015. She is still counsel of record in this case. We are unaware of any order appointing a public defender. By separate order, this court will address the steps necessary to assure a brief is filed in this case. We note that a brief would already have been filed if she had followed the rules of procedure.

### Hooker v. State

In Hooker, case number 2D15-403, Ms. McCabe filed a notice of appeal on November 10, 2014, appealing the judgment and sentence rendered on November 7, 2014. From our limited record, it appears that Mr. Hooker was convicted of first-degree murder and sentenced to life imprisonment following a jury trial. The notice of appeal contained the appropriate information, but the appeal was filed without a filing fee or an order or certificate of indigency. For some reason, the clerk of the circuit court

did not transmit this notice of appeal to this court until January 26, 2015. On January 29, 2015, this court issued an order concerning the filing fee that is comparable to the order issued in Mr. Garcia's case.

On February 6, 2015, the order was returned to the court. The order was remailed to Ms. McCabe; however, on February 18, 2015, it was returned for the second time. The clerk's office subsequently contacted Ms. McCabe's office, informed the office of the fee issue, and confirmed the address, which was correctly listed in our system. Ms. McCabe's office acknowledged that they were aware of the outstanding fee issue. The order of January 29, 2015, was again mailed to Ms. McCabe. When this court received nothing from Ms. McCabe by mid-March, we issued the order to show cause discussed earlier in this opinion.

Prompted by our order to appear, Ms. McCabe finally obtained the appointment of the public defender five months after filing the notice.

### Neff v. State

In Neff, case number 2D15-409, Ms. McCabe filed a "notice of belated appeal" on December 29, 2014, appealing "the ruling of the Motion to Suppress, said hearing being rendered on April 12, 2013." The rules of procedure do not authorize the filing of a "belated" appeal notice. On January 28, 2015, this court issued an order, similar to the second order in Mr. Garcia's case, pointing Ms. McCabe to the procedures used for belated appeals. On March 9, 2015, when this court had not received any response to our January order, we issued an order requiring Ms. McCabe to comply with the order of January 28, 2015, within five days or face possible sanctions. When

this court received no response to this order, we included this case in the order to appear for April 7.

On April 2, Ms. McCabe filed a response in Mr. Neff's case stating:

Counsel has filed a Voluntary Dismissal as there was no stipulation and/or determination as to the dispositive nature of the Defendant's Motion to Suppress at the Defendant's Plea hearing. Counsel would also state that at the Motion to Suppress hearing the dispositive nature was discussed and the State did not agree that the Motion to Suppress was dispositive in nature. Counsel has sent a letter to Appellant explaining this and has also explained what other options that Appellant has in regards to his case. Counsel has requested to set up a phone conference with the Appellant to also explain it.

The response was in fact accompanied by a "notice of voluntary dismissal of appeal." This document was not signed by Mr. Neff or served on him. Fortunately, it is ineffective to dismiss his appeal, as this court alone among the intermediate appellate courts in Florida requires the client's written concurrence to accompany a notice of voluntary dismissal filed by counsel in criminal cases. Assuming that Mr. Neff did not in fact reserve the right to appeal an adverse ruling on a dispositive motion to suppress, his issues on appeal may be limited, but he could still appeal his judgments and sentences if he can establish the right to a belated appeal.

We doubt that Mr. Neff will authorize Ms. McCabe to file a voluntary dismissal. In mid-September of 2014, Mr. Neff filed a "notice of inquiry" with this court concerning his appeal of a judgment and sentence entered in late August. He attached a document that appears to be a notice of appeal for his case that represents that it was served on the Attorney General on September 4, 2013, and signed by Ms. McCabe. We responded to his inquiry explaining that no such appeal existed in our records and

gave him guidance in the event he wished to pursue a belated appeal. Mr. Neff attempted pro se to obtain a belated appeal by filing a petition in early December 2014 seeking review of the judgment and sentence that he apparently thought that Ms. McCabe had appealed. This court docketed his petition for belated appeal with a new appellate case number, i.e., case number 2D14-5504. Attached to his petition was another copy of the errant notice of appeal and a letter from Ms. McCabe's law firm claiming that Ms. McCabe "has your brief on her laptop" and indicating that Ms. McCabe needed a $3000 retainer. We dismissed that petition when Mr. Neff did not obey our order to serve his petition on the Attorney General. Mr. Neff filed a timely motion for reconsideration. By separate order, we have granted Mr. Neff's motion for reconsideration and petition for belated appeal in case number 2D14-5504. Thus, Mr. Neff will now receive review of his judgments and sentences, but that appeal will proceed under a new appellate case number assigned by the clerk of this court. Accordingly, we hereby dismiss the appeal in case number 2D15-409.

Within ninety days from the date of this order, Ms. McCabe shall deliver a letter to the clerk of this court by certified mail containing a sworn statement that she has self-reported to the Sixth Judicial Circuit's Professionalism Implementation Panel, has obtained a mentor to assist her in properly filing notices of appeal, and has successfully learned the proper procedures. The sworn statement shall provide the name and address of the mentor who assisted her.

SLEET and SALARIO, JJ., Concur.

- 9 -