NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TARVARUS COOPER,                )
                                )
            Appellant,          )
                                )
v.                              )          Case No. 2D14-4027
                                )
STATE OF FLORIDA,               )
                                )
            Appellee.           )
                                )
_____ )

Opinion filed August 28, 2015.

Appeal from the Circuit Court for
Pinellas County; Philip J. Federico,
Judge.

Kelly McCabe, Pinellas Park, for
Appellant.

No appearance for Appellee.

**ORDER REFERRING ATTORNEY TO THE FLORIDA BAR**

PER CURIAM.

We issue this published order to refer Attorney Kelly McCabe to The

Florida Bar for such proceedings as may be appropriate.  We also discharge this court's

order to show cause issued June 10, 2015.

**Procedural history**

This order brings to a conclusion the third show-cause proceeding instituted against Ms. McCabe in the past year and a half.[1] The three proceedings involved one or more criminal judgment and sentence appeals in which Ms. McCabe had filed a notice of appeal on behalf of the defendant or defendants. The common problem in all three proceedings has been Ms. McCabe's failure to follow the orders of this court. In the present matter, we also note what appears to be Ms. McCabe's lack of candor to the court.

The present proceeding began with Ms. McCabe's notice of appeal filed in the trial court on August 12, 2014. On September 4 this court ordered Ms. McCabe to remit the filing fee for the appeal. In the absence of a response, on October 2 this court issued an order directing compliance with the fee order within seven days, warning that noncompliance could bring sanctions. Nineteen days later, Ms. McCabe responded that an indigency hearing was to be held shortly in the trial court that, if successful, would relieve the appellant from having to remit the filing fee. This issue was resolved when the trial court issued an order declaring the defendant indigent for costs on October 23, 2014.

The second round of orders and responses began with this court's order of December 10, 2014, directing a status report on record and transcript preparation, as the deadline for transmission of the record had passed. See Fla. R. App. P. 9.140(f)(1) (requiring service of the record within fifty days of filing of the notice of appeal). Ms.

---

[1]See Garcia v. State, 40 Fla. L. Weekly D1038 (Fla. 2d DCA May 1, 2015) (published order). In the other set of cases, this court referred Ms. McCabe to The Florida Bar by unpublished order. Allen v. State, 2D13-3954, Order (Jan. 21, 2014).

McCabe responded on December 15 and 22 that the court reporter had not finished the transcripts, promising another update by December 29. Having received no such response, on January 7, 2015, this court directed an updated status report on transcription. Ms. McCabe responded that the transcripts were to be completed by January 16. The record was finally transmitted to this court on January 29.

At the outset of the third and, it is to be hoped, final round of preliminary proceedings with Ms. McCabe in this appeal, this court by order dated February 4, 2015, directed service of the initial brief within forty-five days. On March 6, Ms. McCabe asked for an extension through April 17; in its March 12 order this court granted that request and noted that further extensions would not be considered. Nevertheless, on April 17, Ms. McCabe filed a request for ten additional days. In light of our March 12 order, by order dated April 21, 2015, we denied that request but directed that the brief be filed by April 27; we included a warning that sanctions could be imposed if the deadline was not met. On April 28, Ms. McCabe requested an additional five days to serve the initial brief. On May 7, several days after her self-imposed deadline, Ms. McCabe requested another ten days. On May 11, she asked for five more days. Ms. McCabe assured the court that the brief would be filed "no later than May 18, 2015."

On June 10, 2015, this court issued an order directing Ms. McCabe to appear in this court to show cause why sanctions should not be imposed for her failure to timely file the initial brief as directed by our several orders. The order warned of sanctions, including a published reprimand and referral to The Florida Bar. Ms. McCabe filed the initial brief the following day, over a month after this court's deadline and almost a month after Ms. McCabe's most recent self-imposed deadline. We made

it clear in an order issued June 19 that the filing of the brief would not excuse Ms. McCabe's appearance.

At her scheduled appearance before this court on June 23, 2015, Ms. McCabe acknowledged the late filing of the initial brief and her failure to observe this court's deadline and even to meet her own self-imposed deadlines. She attributed the late filing to not having received our April 21 order setting a final deadline (due, she said, to e-mail and postal mail problems that she asserts have since been rectified) and to her inability to timely consult with the appellant (due to alleged issues at his correctional facility). Ms. McCabe was ultimately unable to articulate a coherent reason for missing her self-imposed deadlines.

**Discussion**

Having tediously recited the history of Ms. McCabe's involvement in this appeal, we do not wish to belabor this matter any more than is necessary. Suffice it to say that Ms. McCabe appears to take at best a cavalier approach to orders issued by this court. See Garcia v. State, 40 Fla. L. Weekly D1038, D1039 (Fla. 2d DCA May 1, 2015) (noting that, in response to this court's order directing her appearance to show cause, Ms. McCabe filed a paper several days before the hearing in which she informed the court that she could not attend because of a scheduled trial and to which she attached her trial calendar to aid this court in rescheduling her show-cause appearance).

When this or any court issues an order directing an attorney to respond within $x$ number of days, the attorney is obligated to file a response within $x$ number of days, not within $x + 10$ days or whatever other period of time happens to suit the

attorney's schedule. This specific principle may not have been covered in law school or tested on the bar exam, but it would seem to be axiomatic. Even if it is not, Ms. McCabe was cautioned in this regard by the Bar's local grievance committee in response to an earlier referral made by this court in the appeal Allen v. State, 2D13-3954:

> The Second District Court of Appeal issued an order dated January 21, 2014, finding that you failed to comply with orders directed to you in relation to three separate criminal appeal cases and gave you a deadline of January 24, 2014, to comply with their [sic] directives in all three matters, and referred the matter to the Bar. . . .
>
> The Oath of Admission to The Florida Bar states that a lawyer shall maintain the respect due to the courts of justice and judicial officers. Your failure to respond to the Second District Court's orders demonstrated a lack of respect due to the court. The committee recommends you remain conscious at all times of this portion of the Oath and promptly respond to court directives in the future. . . .

Notice of Determination of No Probable Cause and Letter of Advice by Grievance Committee from Peter Anthony Rivellini, Chair, Sixth Judicial Circuit Grievance Committee "A," to Kelly McCabe (Jan. 27, 2015) (copy in this court's files);[2] see also, e.g., Rubin v. State, 490 So. 2d 1001, 1003 (Fla. 3d DCA 1986) (noting that it is well settled in this state and elsewhere that "where a court acting with proper jurisdiction and authority renders an order, an aggrieved party's failure to abide by the order may be punished by contempt"). If, as apparently was the case here with respect to this court's

---

[2]We acknowledge that this letter was sent after the issue regarding the filing fee in the present case, as recited above, had been resolved. Nevertheless, Ms. McCabe had been aware of our concerns over her failure to respond to this court's order since at least January 21, 2014, when, as noted in the grievance committee's letter, this court issued its detailed order of referral reciting her noncompliance with orders.

October 2, 2014, order on remitting the filing fee, the attorney cannot timely comply with the specific directive of the order, the attorney may certainly request an extension of time to comply but should make the request by the deadline set in the original order. However, once the court sets a final deadline, as with the initial brief here, the attorney must comply absent extraordinary circumstances presented in a timely motion. No motion filed in the present case presented such circumstances.

But Ms. McCabe's late filing of the initial brief in this appeal implicates more than just a timing issue, although Ms. McCabe's failure to timely file the initial brief was, as recited above, certainly a cause for concern.[3] Ms. McCabe's responses to this court's queries at the show-cause hearing did not, in the final analysis, make sense, a circumstance that raises the issue of Ms. McCabe's candor toward the court. See generally R. Regulating Fla. Bar 4-3.3(a)(1). In response to the court's queries, Ms. McCabe stated two reasons why she had not filed the brief by the April 27, 2015, deadline set in this court's order of April 21: that she had not received that order and that she was having trouble communicating with the appellant at his prison. To explain why she had not received the order, Ms. McCabe mentioned problems with her office's e-mail system, which she said had since been rectified. To the extent that this problem existed, it is not relevant because this court, absent emergency circumstances, at present does not issue orders to private attorneys and pro se parties by e-mail but instead continues to use postal mail. Given Ms. McCabe's experience with multiple proceedings in this court, she should have been aware that our orders would ordinarily

_____

[3]We additionally reiterate one of our key concerns: That a prisoner's appeal be timely prosecuted. See Garcia, 40 Fla. L. Weekly at D1038.

be arriving by postal mail. In that connection, Ms. McCabe also alluded to working out problems with delivery of postal mail to her law firm. But, as pointed out by one of the members of the panel at the show-cause hearing, Ms. McCabe has been relying on the postal-mail excuse in one or more appeals since sometime in 2013, as reflected in this court's unpublished January 21, 2014, order in the appeal Allen v. State, 2D13-3954, referenced in the grievance committee's letter quoted above.

As for Ms. McCabe's inability to contact the appellant, that issue was raised for the first time in her written response to the court filed on May 11, 2015, well after this court's April 27 deadline and following her multiple requests for an extension in which that issue was not mentioned. The May 11 response acknowledged that the brief was due that day in accordance with Ms. McCabe's self-imposed deadline but that she had also scheduled a call with the appellant at his prison for that day; apparently upon attempting the call she learned of a lockdown that prevented her from communicating with the appellant. If Ms. McCabe had scheduled the call for May 11, presumably to allow the appellant to review the draft of the initial brief, then at least some of her earlier self-imposed deadlines were likely to have been simple temporizing.

Finally, we note that it was Ms. McCabe who requested the April 27 deadline in her "response" (treated as a motion) filed on April 17, 2015.[4] Even if she did not receive by postal mail this court's April 21 order denying that motion but nevertheless setting the final deadline at April 27, the only possible resolution of her motion was the setting of a deadline at April 27 at the latest, in which case the lack of

---

[4]Indeed, Ms. McCabe asserted in that "response": "Wherefore, the Appellant will submit the initial brief by April 27, 2015."

receipt of an order formally reciting that deadline should have made no difference to her brief preparation activities.

Overall, Ms. McCabe's stated reasons do not add up, and we can only speculate as to why the initial brief was not filed by the deadline set by this court and the subsequent deadlines set by Ms. McCabe herself. In that light, we reiterate the admonition expressed by one member of the panel that Ms. McCabe be cautious in her attitude of candor toward the court.

Finally, and relative to the point just made, Ms. McCabe reported at the June 23, 2015, show-cause hearing that she had sent to this court a copy of the self-reporting statement required of her in Garcia, 40 Fla. L. Weekly D1038. This court's records reflect no such filing on or before that date (other than the copy filed in person by Ms. McCabe at the hearing). This court did receive the statement by certified mail on June 25, 2015. The cover letter and sworn statement are dated June 12, and the envelope reflects a postmark of June 23, the day of the show-cause hearing. The earliest entry for the mailing shown by the Postal Service's online tracking system reflects that the item "Arrived at USPS Facility" at 7:36 p.m. on June 23.[5] It may be possible that the item was placed in a mailbox on the morning of June 23 before Ms. McCabe's arrival at the show-cause hearing, but we decline to speculate further on the matter.

---

[5]https://tools.usps.com/go/TrackConfirmAction_input, tracking number 70121640000075947791.

## Conclusion

A copy of this published order is being forwarded to The Florida Bar, to which Attorney Kelly McCabe is hereby referred for such proceedings as may be appropriate.

SILBERMAN, SLEET, and LUCAS, JJ., Concur.